```
APPLICATION GRANTED
SO ORDERED /s/ Vernon Broderick
VERNON S. BRODERICK
U.S.D.J.
```

The deadline for Defendant Highgate Hotels, L.P. to respond to the Amended Complaint is hereby extended to April 5, 2024.  The Clerk of Court is respectfully directed to terminate the motion pending at Doc. 18.

Dated:  March 8, 2024

**Jackson Lewis P.C.**
666 Third Avenue
New York NY 10017-4030
(212) 545-4021 Direct
(212) 972-3213 Fax
Jason.Zoldessy@jacksonlewis.com
jacksonlewis.com

March 6, 2024

**VIA ECF**

Hon. Vernon S. Broderick, U.S.D.J.
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

           **Re:** **Murthada v. Highgate Hotels et al.**
               **Case No. 1:23-cv-08615 (VSB)**

Dear Judge Broderick:

      We represent Defendant Highgate Hotels, L.P. ( "Highgate") in connection with the above-referenced case.  We write in response to the Court's February 28, 2024 Order (ECF Docket #32).  As requested by the Court, kindly allow this to serve as Highgate's notice that it respectfully requests its pending motion to dismiss be deemed moot without prejudice to its right to refile a responsive motion addressed to the Amended Complaint.  In addition, for the reasons set forth below, Highgate further requests that its time to file such a motion be extended through and including April 5, 2024.

      **I.**     **Procedural History**

      At all times relevant herein, Plaintiff Al Sadik Murthada ("Plaintiff") was not an employee of Highgate.  Rather, and as readily conceded in his original and amended complaints, Plaintiff was employed by certain vendors contracted by Highgate to perform food and beverage services at the Royalton Park Avenue Hotel ("Hotel"), a property operated by Highgate.  Plaintiff's initial Complaint filed on September 29, 2023 (ECF Docket #1) named Highgate and TG 29 Hospitality LLC ("TG 29") as the Defendants. Upon information and belief, TG 29 was the food and beverage operator at the hotel commencing September 2018 through September 2021. TG 29 employed the Plaintiff during this period.  In connection with his employment with TG 29, Plaintiff executed an arbitration agreement which covered his claims in this matter. Indeed, on November 21, 2023, Plaintiff voluntarily dismissed TG 29 from the case citing the existence of the agreement that compelled the arbitration of his claims.  (ECF Docket #9).  Nevertheless, Plaintiff continued to pursue his claims as against Highgate in this Court premised on an integrated enterprise/joint employer theory of liability.

**JacksonLewis**

On January 8, 2024, Highgate filed a Motion to Dismiss on the grounds that it never employed Plaintiff, did not maintain any records associated with this unknown individual and despite the hollow allegations to the contrary, was not Plaintiff's employer under any theory of liability. (ECF Docket #18-19). Plaintiff subsequently requested, and the Court granted, Plaintiff an extension of time to respond to the motion or to file an amended complaint. (ECF Docket #20, 23). On February 23, 2024, Plaintiff filed a First Amended Complaint (the "Amended Complaint"). (ECF Docket #24).

**II.     The Amended Complaint**

The Amended Complaint continues to name Highgate as a Defendant, but now adds Defendants 420 Park FB LLC and In Good Company HG Inc. Defendant 420 Park FB LLC replaced TG 29 as the food and beverage operator at the Hotel in September 2021. Plaintiff readily concedes in the Amended Complaint that 420 Park FB was Plaintiff's employer from February 2022 until the cessation of his employment in or around March 2023. Having released TG 29 from this action, Plaintiff now alleges that Highgate jointly employed him with the other named Defendants.

Plaintiff continues to plead the existence of a putative collective action pursuant to Section 216(b) of the Fair Labor Standards Act ("FLSA") and a New York Labor Law ("NYLL") Rule 23 putative class of all non-exempt front-of-house and back-of-house employees at the Royalton Park Avenue Hotel from approximately September 2017 through approximately September 2023. However, Plaintiff's claims have significant limitations that plague the Amended Complaint even at the pleading stage:

- Plaintiff is subject to an arbitration agreement relative to the period of his employment with TG 29. Thus all claims from September 2018 through the date 420 Park took over operations of the F&B services in September 2021 are subject to arbitration.
- The Royalton Park Avenue Hotel was closed as a result of the COVID pandemic between April 1, 2020 and September 15, 2021.
- Plaintiff concedes he was not employed during the COVID period between April 2020 until his return to work in February 2022.

Given Plaintiff's evolving complaint allegations, Highgate respectfully submits these basic facts associated with the timeline of the case are critical to the identification of the appropriate scope of discovery and ultimately any purported liability.

To be clear, Highgate vehemently disputes that it ever employed or jointly employed Plaintiff or any putative class or collective members. Highgate is in the process of investigating the new allegations in the Amended Complaint (both as they relate to the newly named Defendants and otherwise) and respectfully requests that it be granted an extension of time through and including April 5, 2024 to refile its motion to dismiss and/or to otherwise respond to the Amended Complaint. Upon information and belief, the new Defendants are yet to be served with the Amended Complaint.

**JacksonLewis**

      In addition, given the complexities of the case and the different parties and time periods, in the interest of judicial economy and in an attempt to avoid (or at least limit) unnecessary motion practice Highgate also welcomes a conference with the Court to discuss the matters discussed herein and the case generally in greater detail.

      We thank the Court for its consideration in this regard.

      Respectfully submitted,

      JACKSON LEWIS P.C.

      Jason A. Zoldessy

cc: All Counsel (Via ECF)

4873-3727-0955, v. 1